# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Criminal Action No. 6:08-cr-00467-JMC-5 |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Christopher Brockman, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Christopher Brockman's ("Defendant") *pro se* motion for reconsideration of the court's April 10, 2012 order on Defendant's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 586). (ECF No. 618.) Defendant filed the instant motion on January 9, 2014, the same day on which Defendant also filed an appeal of this matter to the Fourth Circuit. (*See* ECF Nos. 615, 618.) For the reasons set forth herein, the court **DENIES** Defendant's motion for reconsideration.

**Defendant's Notice of Appeal**

"[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Ordinarily the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the cases involved in the appeal." *Id.* However, in this case, Defendant filed a notice of appeal for the court's order on his motion for a sentence reduction prior to or at the same time he filed a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). (*See* ECF Nos. 615, 618.) In this scenario, Defendant's notice of appeal does not become effective until after the court rules on his motion for reconsideration.

1

Fed. R. App. P. 4(B)(i).[1]  Hence, Defendant's notice of appeal does not divest the court of jurisdiction over the instant motion.

**Timeliness of Defendant's Motion**

A court may alter or amend a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure if the movant shows either (1) an intervening change in the controlling law; (2) new evidence that was not available at trial; or (3) that there has been a clear error of law or a manifest injustice.  *Robinson v. Wix Filtration Corp.,* 599 F.3d 403, 407 (4th Cir. 2010).  In order for the court to consider a motion for reconsideration, it must be filed within twenty-eight days of the court's entry of judgment.  Fed. R. Civ. P. 59(e).

The court entered judgment for Defendant's motion for a reduction of sentence on April 10, 2012.  Accordingly, Defendant had until May 8, 2012 to file a motion for reconsideration.  Defendant did not file his motion for reconsideration until January 9, 2014, well over a year after the deadline.[2]  Therefore, the court finds it is not authorized by the Federal Rules of Civil

---

[1] Fed. R. App. P. 4(B)(i) states as follows: "if a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of [a motion to alter or amend a judgment under Rule 59]—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered."  *Id.*

[2] Defendant states that he belatedly received the court's order on his motion for a sentence reduction "due to being moved from one housing unit to another for security reasons and penal interest...which is beyond the control of [Defendant]."  (ECF No. 618 at 2.)  However, the court is unaware of any authority that would allow it to extend the time to act under Fed. R. Civ. P. 59(e).  *See* Fed. R. Civ. P. 6(b)(2).  Moreover, the court notes that the order was mailed to Defendant on April 10, 2012, and was not returned to sender.  (*See* ECF No. 587.)  Furthermore, the court finds that Defendant's mere statement that he was moved from one housing unit within the prison to another, without more, is unconvincing to justify a delay of well over one year in filing his motion for reconsideration.  Finally, to the extent Defendant's mailing address changed, he had a duty to inform the Clerk's Office of such change.  *Cf. Woltz v. Chater*, 1996 WL 23314 (4th Cir. Jan. 23, 1996); *In Re Hebron*, 1995 WL 501350 (4th Cir. Aug. 23, 1995) (mandamus relief denied where *pro se* litigant failed to notify district court of his change of address); *United States v. Battle*, 993 F.2d 49, 50–51 (4th Cir. 1993) (use of drugs and failure to notify probation officer of change of address are violations of terms of supervised release and may justify revocation of supervised release).

Procedure to consider Defendant's motion. Fed. R. Civ. P. 59(e); *see also* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under [Rule 59(e).]").

## **CONCLUSION**

Thus, the court **DENIES** Defendant's motion for reconsideration (ECF No. 618) because it was filed untimely.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

Columbia, South Carolina
April 9, 2014