#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF SOUTH CAROLINA
#### GREENVILLE DIVISION

| | |
|---|---|
| United States of America,        ) | Criminal No.: 6:08-cr-00467-JMC-5 |
|                               ) | |
|       v.                    ) | **ORDER AND OPINION** |
|                               ) | |
| Christopher Brockman,        ) | |
|                               ) | |
|       Defendant.       ) | |

Defendant Christopher Brockman is a prisoner currently serving a sentence of 188 months in the Federal Bureau of Prisons ("BOP") at the United States Penitentiary, Allenwood ("USP Allenwood") in Allenwood, Pennsylvania. (*See* ECF No. 425); *Federal Bureau of Prisons*, https://www.bop.gov/inmateloc/ (last visited July 27, 2022).

This matter is before the court pursuant to Brockman's pro se[1] unnamed Motion seeking application of the Fair Sentencing Act of 2010[2] to his case and requesting that the court appoint him counsel.[3] (ECF No. 732.) For the reasons set forth below, the court **DENIES** Brockman's Motion for Relief under the Fair Sentencing Act.

---

[1] The court is required to interpret pro se documents liberally and such documents are held to a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the "special judicial solitude" with which a district court should view pro se motions "does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

[2] In his Motion, Brockman simply states as follows:

> U.S. District Court Judge, I send this notation to you. I did apply for Fair Sentencing Act and I think I fit the criteria to be eligible on the sentencing reform bill. If you could please assign me an attorney to assist me.

(ECF No. 732.)

[3] The court observes that on January 28, 2019, it appointed Federal Public Defender Lora Collins Blanchard to represent Brockman. (*See* ECF No. 734.) In this regard, Brockman's pending Motion to Appoint Counsel is **DENIED AS MOOT**.

I.   **RELEVANT BACKGROUND TO THE PENDING MOTION**

On May 14, 2008, the Grand Jury named Brockman in an Indictment in four separate counts for (1) conspiracy to possess with intent to distribute and distribution of 500 grams or more of cocaine, 50 grams or more of cocaine base, and 100 grams or more of heroin; (2) possession with intent to distribute and distribution of a quantity of cocaine base; and (3) possession with intent to distribute and distribution of a quantity of heroin.  (*See* ECF No. 2.)  On August 5, 2008, Brockman pleaded guilty to Count One charging conspiracy to possess with intent to distribute and distribution of 500 grams or more of cocaine, 50 grams or more of cocaine base, and 100 grams or more of heroin "in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 841(b)(1)(B); All in violation of Title 21, United States Code, Section 846." (ECF Nos. 2 at 1–2, 237.)  On February 18, 2009, the court sentenced Brockman to a term of imprisonment of 188 months.  (ECF No. 425.)  Brockman did not appeal his conviction or sentence to the United States Court of Appeals for the Fourth Circuit.

On January 11, 2019, Brockman submitted the instant Motion based on the Fair Sentencing Act.  On February 7, 2019, the United States Office of Probation and Pretrial Services (the "USPO") submitted a Sentence Reduction Report advising the court that Brockman's guideline range remained 188 months to 235 months because he "does not qualify for a reduced guideline sentence, as the Fair Sentencing Act did not reduce the statutory penalties associated with convictions involving 500 grams or more of cocaine or 100 grams or more of heroin."  (ECF No. 736 at 2.)  On November 18, 2019, Brockman's appointed Federal Public Defender filed a Memorandum on Motion to Reduce Sentence asserting that her review had shown that "Brockman was sentenced as if the Fair Sentencing Act had applied" and that "application of the First Step Act would result in the same advisory guidelines range Brockman faced at his original sentencing

hearing: 188 to 235 months' imprisonment." (ECF No. 741 at 1, 2.) On May 19, 2020, the USPO submitted a second Sentence Reduction Report advising the court that Brockman's guideline range remained 188 months to 235 months because he "was convicted for a covered offense and is eligible for consideration for a reduced sentence; however, the retroactive application of the Fair Sentencing Act had no impact on the applicable statutory penalties or guideline range." (ECF No. 751 at 2.) Thereafter, on August 4, 2020, Brockman filed additional documentation asserting that he is "eligible for a sentence reduction . . . under [the] 2018 First Step Act." (ECF No. 758 at 7.)

## II.     ANALYSIS

"In 2018, Congress passed the First Step Act, which gave retroactive effect to the Fair Sentencing Act's reforms." *United States v. Goodwin*, 37 F.4th 948, 950 (4th Cir. 2022) (citing First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194). "Under the First Step Act, defendants sentenced before the Fair Sentencing Act's effective date . . . can seek reductions in their sentences reflecting the Fair Sentencing Act's amended penalties." *Id.* (citation omitted). "Specifically, § 404(b) of the First Step Act authorizes '[a] court that imposed a sentence for a covered offense' to 'impose a reduced sentence as if [the relevant sections] of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed.'" *Goodwin*, 37 F.4th at 950–51 (citing 132 Stat. at 5222). "But defendants already sentenced consistent with the Fair Sentencing Act are expressly excluded from eligibility for relief: Under § 404(c), no court may 'entertain a motion' for a sentence reduction 'if the sentence was previously imposed . . . in accordance with' the Fair Sentencing Act." *Goodwin*, 37 F.4th at 951 (citing 132 Stat. at 5222).

Upon review, the court observes that there does not appear to be a substantive dispute that the court sentenced Brockman in 2009 in accordance with the Fair Sentencing Act. (*See, e.g.*, ECF No. 741 at 1 (Brockman's counsel candidly admits that "[t]his case was pled and sentenced prior

3

to the Fair Sentencing Act of 2010; however, Brockman was sentenced as if the Fair Sentencing Act had applied.").) As a result, the court finds that Brockman is ineligible for the relief he seeks under that statute. *See Goodwin*, 37 F.4th at 954 ("[W]e find that Goodwin's sentence 'was previously imposed . . . in accordance' with the relevant provisions of the Fair Sentencing Act and that § 404(c) of the First Step Act therefore renders him ineligible for relief."). Accordingly, the court must deny his Motion.

### III.     CONCLUSION

After a thorough review, the court **DENIES** Defendant Christopher Brockman's Motion for Relief under the Fair Sentencing Act of 2010 and **DENIES AS MOOT** Brockman's Motion to Appoint Counsel. (ECF No. 732.)

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

July 29, 2022
Columbia, South Carolina